UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:04CV-686-H

PETERS WHOLESALE FURNITURE, INC.                                                        PLAINTIFF

V.

MANCHESTER FURNITURE GROUP                                                              DEFENDANT

**MEMORANDUM OPINION**

Plaintiff Peters Wholesale Furniture, Inc. ("Peters") brought this action against Defendant Manchester Furniture Group ("Manchester") to recover losses sustained as a result of an alleged breach of contract by Manchester. Plaintiff also brings a claim under the doctrine of promissory estoppel.[1] Manchester has moved for summary judgment on each of Peters' claims. Following a conference with the parties, the Court now considers Manchester's motion.

**I.**

Peters and Manchester entered into an agreement[2] ("Agreement") under which Peters would purchase whole containers of furniture from Manchester and resell the furniture to customers. Under the Agreement, Peters was granted the right to be the exclusive sales representative for Manchester in Kentucky, Tennessee and West Virginia. Peters was

---

[1] Peters also alleges a claim for "breach of commercial reasonable practice." Compl., ¶¶ 17-19. Kentucky does not recognize such a claim. As Peters' "breach of commercial reasonable practice" claim arises from the same facts as its breach of contract claim, the Court will consider the "breach of commercial reasonable practice" claim to be incorporated in the breach of contract claim.

[2] Manchester notes that the agreement was oral, and Plaintiff does not allege otherwise. Def.'s Mem. Supp. Summ. J., 1.

compensated in two ways: first, it received a five percent discount off of the regular prices of Manchester furniture; and second, it received a five percent commission on the discounted amount for orders placed. Peters alleges that the parties agreed that a reasonable delivery cycle would be 90 to 120 days. The parties agree that Peters received his commissions and discounts for all orders he placed and received from Manchester. However, Peters alleges that it suffered damages as a result of delayed deliveries because some customers would cancel their orders when a delivery was significantly delayed. In addition, Peters claims that Manchester discontinued certain lines of furniture without notifying Peters, which caused further damages from lost sales when orders for the discontinued lines could not be completed. Peters claims actual damages of $200,000 as a result of the delayed deliveries and failures of notification.

## II.

Summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In reviewing a motion for summary judgment, the Court must view the facts in the light most favorable to the non-moving party and determine whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Both sides agree that Peters was paid the commissions he was owed under the Agreement. The issue in dispute is whether Manchester's delays in furniture deliveries and discontinuations of certain lines of furniture without notice constituted a breach of the Agreement and if so, whether Peters has shown evidence of any damages. For the most part, Peters' claims fail due to the absence of supporting evidence.

**III.**

As a threshold matter, the Court must determine whether the Agreement falls under the Uniform Commercial Code ("UCC") as adopted by Kentucky. The evidence establishes that Peters functioned primarily as a wholesaler, not as an agent of Manchester. Peters placed orders for its own account and resold the furniture to third party customers. Under Kentucky law, such an arrangement is considered a contract for the sale of goods. *See Pharo Distributing Co. v. Stahl*, 782 S.W.2d 635 (Ky. Ct. App. 1989) (franchise agreement to distribute alcohol in certain counties was a contract for sale of goods under the UCC as adopted by Kentucky); *Leibel v. Raynor Mfg. Co.*, 571 S.W.2d 640 (Ky. Ct. App. 1978) (oral agreement under which a party was to have an exclusive dealer/distributorship for vendor's garage doors in a certain territory was a contract for sale of goods under the UCC). *Cf. Buttorff v. United Electronic Laboratories, Inc.*, 459 S.W.2d 581 (Ky. 1970) (arrangement under which commissioned salesman sold product on behalf of manufacturer and where manufacturer shipped and billed customers directly was a contract for personal services, not subject to the UCC). The Court will therefore analyze the issue of delayed deliveries under the provisions of the UCC.

Peters concedes in its reply to Manchester's motion for summary judgment that a guaranteed delivery time of 90 to 120 days was not a term of the Agreement. In the absence of a specified time for delivery, the UCC will impose a reasonable time. KRS § 355.2-309. Therefore, the question is whether Manchester made any deliveries to Peters in an *un*reasonable time. Peters has provided no evidence of any specific deliveries that were unreasonably delayed or otherwise. Peters has presented no evidence of specific damages resulting from any such delays. Even assuming that Manchester breached the Agreement by making certain deliveries in

3

an unreasonable time, Peters conceded in conference that it accepted those deliveries without complaint. Under KRS § 355.2-607, a buyer must pay at the contract rate for all goods accepted. By failing to reject the delayed shipments, Peters waived any claims against Manchester that may have arisen a result of those delays. Whether Peters suffered damages as a result of his customers cancelling certain orders is an issue entirely separate from Peters' Agreement with Manchester, and Peters cannot state a claim against Manchester for damages suffered as a result of his agreements with his own customers.

## IV.

Peters also claims that it suffered lost profits because it was unable to fill certain orders for customers because Manchester discontinued various lines of furniture without notifying Peters. However, Peters fails to allege that Manchester had a duty to inform it of any such discontinuations. Under Kentucky law, in order to recover in any action based on a breach of contract, a plaintiff must show the existence and breach of a contractually imposed duty. *Lenning v. Commercial Union Ins. Co.*, 260 F.3d 574, 581 (6th Cir. 2001) (citing *Strong v. Louisville & Nashville R. Co.*, 240 Ky. 781 (1931)). Moreover, Manchester denies the existence of a duty to give notice of discontinuations but maintains that and provides evidence that, even if it did have such a duty, it did in practice notify all of its sales representatives via memorandum of any discontinuations. Peters has provided no evidence to contradict Manchester's assertion that it does notify its sales representatives of discontinuations, and no evidence of any specific discontinuations that resulted in lost profits, both of which would be necessary for Peters to prevail on claim for breach of contract.

**V.**

Finally, Peters attempts to bring a claim under the doctrine of promissory estoppel. However, this Court has held that estoppel cannot be the basis for a claim if it represents the same performance contemplated under a written contract. *Tractor Farm and Supply, Inc. v. Ford New Holland*, 898 F.Supp. 1198, 1205 (W.D. Ky. 1995) (citing *General Aviation, Inc. v. Cessna Aircraft Co.*, 915 F.2d 1038, 1042 (6th Cir. 1990). Here, Peters essentially seeks the enforcement of a contract under which, as discussed above, Manchester had no duty to deliver furniture in anything other than a reasonable time and no obligation to notify Peters of the discontinuation of furniture lines. The Court will not circumvent the contractual obligations of the parties through the application of the doctrine of promissory estoppel to the facts in this case.

The Court will enter an order consistent with this Memorandum Opinion.

cc:    Counsel of Record